UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIGHT HORIZONS CHILDREN'S CENTERS LLC, ) ) ) Plaintiff, ) v. ) HARLEYSVILLE WORCESTER INSURANCE COMPANY, ) ) ) ) ) Defendant. ) ) | CIVIL ACTION NO. |

## COMPLAINT

1. In this action, Plaintiff Bright Horizons Children's Centers LLC seeks to recover monies due to it pursuant to a Standard Flood Insurance Policy it purchased from Defendant Harleysville Worcester Insurance Company.

### I. PARTIES

2. Plaintiff Bright Horizons Children's Centers LLC ("Bright Horizons") is a Delaware limited liability company with a principal place of business at 200 Talcott Avenue South, Watertown, Massachusetts.

3. Defendant Harleysville Worcester Insurance Company ("Harleysville") is an insurance company with its principal place of business in the Commonwealth of Massachusetts.

### II. JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action pursuant to 42 U.S.C. § 4053 in that this is a civil action involving a flood insurance claim for damaged property located within this judicial district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) since the events giving rise to Bright Horizons's claims occurred or had their effect within this judicial district and the insurance policy between the parties provides that legal action against Defendant Harleysville must be filed in the United States District Court of the district in which the insured property is located.

### III. FACTUAL BACKGROUND

6. At all relevant times in 2011, Bright Horizons operated a child-care center in the first floor of a commercial building located at 100 Cummings Center ("Cummings Center Building") in Beverly, Massachusetts.

7. Bright Horizons purchased Flood Insurance Policy No. 87-02908478-2010 ("Flood Policy") from Defendant Harleysville. The Flood Policy provided flood insurance coverage for the Bright Horizons's location in the Cummings Center Building for the effective period of December 9, 2010 to December 9, 2011.

8. Under Coverage B of the Flood Policy, personal property owned by Bright Horizons located in the Cummings Center Building was insured against direct physical loss by or from a flood in the coverage amount of $85,700. This coverage extended to furniture and fixtures that were movable, including; appliances; air conditioning units; carpet, not permanently installed, over unfinished flooring; carpets over finished flooring; and other personal property owned by Bright Horizons and used in its business.

9. Following a heavy rainstorm on or about October 4, 2011, portions of the first floor of the Cummings Center Building occupied by Bright Horizons and personal property owned by Bright Horizons that was located in that space were severely damaged by a flood.

10. As a result of the flood, Bright Horizons suffered damage to its furniture, furnishings, appliances, fixtures, and other personal property in excess of $80,000.

11. After Bright Horizons notified Defendant Harleysville of a claim on its Flood Policy, Defendant Harleysville caused an adjuster to visit the Cummings Center Building to inspect the damage to the building and to Bright Horizons's personal property.

12. Defendant Harleysville's adjuster prepared and submitted a final report that concluded that there was extensive damage both to the building and to Bright Horizons's personal property which was covered by the Flood Policy.

13. On March 9, 2012, Bright Horizons submitted a proof of loss to Defendant Harleysville in the amount of $282,300, which included a claim for $80,000 for damage to Bright Horizons's personal property.

14. On March 20, 2012, Defendant Harleysville wrote a letter to Bright Horizons which it sent to Bright Horizons's insurance agent (the letter was received on April 23, 2012).

15. In its March 20, 2012 letter, Defendant Harleysville stated that it was "rejecting the signed Proof-of-Loss in the amount of $282,300.00, pursuant to the Standard Flood Insurance Policy, VII, General Conditions, M. Loss Payment as we are denying payment for the building."

16. In its March 20, 2012 letter, Defendant Harleysville acknowledged that its adjuster's final report had concluded that there was damage to Bright Horizons's personal property which would be covered under the terms of the Flood Policy.

17. Although the March 20, 2012 letter stated that the Defendant Harleysville had "closed" Bright Horizons's claim because it had not received a contents inventory list, it is unclear to Bright Horizons whether its claim for damage to personal property has been finally denied by Defendant Harleysville.

18. Since March 20, 2012, Bright Horizons has provided to Defendant Harleysville, and Defendant Harleysville has accepted, a contents inventory list and other material that describes the damage to Bright Horizons's personal property with additional detail.

19. To date, Bright Horizons has not received amounts due it under the Flood Policy.

## COUNT FOR BREACH OF CONTRACT

20. Plaintiff Bright Horizons restates the allegations contained in the preceding paragraphs as if fully set forth herein.

21. Defendant Harleysville has materially breached its obligations to Bright Horizons under the Flood Policy.

22. Bright Horizons has fully and substantially complied with its obligations under the Flood Policy and otherwise.

23. Bright Horizons has suffered damages as a result of the breach by Defendant Harleysville.

## COUNT FOR DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201

24. Plaintiff Bright Horizons restates the allegations contained in the preceding paragraphs as if fully set forth herein.

25. As a result of the flood on or about October 4, 2011, Bright Horizons has suffered damage to its personal property that was located in the Cummings Center Building which is covered by Flood Insurance Policy No. 87-02908478-2010 purchased from Defendant Harleysville.

26. An actual controversy within the jurisdiction of this Court exists among the parties concerning their respective rights and duties under Flood Insurance Policy No. 87-02908478-2010 requiring a declaration from this Court under the provisions of 22 U.S.C. § 2201.

27. WHEREFORE, Plaintiff Bright Horizons requests that this Honorable Court, pursuant to 22 U.S.C. § 2201, declare the rights and obligations of the parties in and to Flood Insurance Policy No. 87-02908478-2010, including all sums Plaintiff Bright Horizons is entitled to under the terms of the Policy.

## PRAYERS FOR RELIEF

WHEREFORE, Bright Horizons respectfully prays that this Court grant it the following relief:

1. That the Court grant judgment on behalf of Plaintiff Bright Horizons Children's Centers LLC on all of the claims asserted against Defendant, with interest, attorney's fees and costs;

2. That this Court declare the rights and other legal relations of the parties hereto with respect to the matters stated herein above; and

3. That the Court grant Plaintiff Bright Horizons Children's Centers LLC such other and further relief as it considers just and proper.

> BRIGHT HORIZONS CHILDREN'S
> CENTERS LLC,
>
> By its attorneys,
>
> /s/ Douglas W. Salvesen
> _____
> Douglas W. Salvesen (BBO #550322)
> YURKO, SALVESEN & REMZ, P.C.
> One Washington Mall, 11th Floor
> Boston, Massachusetts 02108
> (617) 723-6900

Date: March 19, 2013